IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARLON JACKSON and SAUNDRA COLE<br>      Plaintiffs,<br>   v.<br><br>CHRISTOPHER GOETZ, SCOTT BROWN, and ROBERT BERBERICH<br>      Defendants. | CIVIL ACTION<br><br>No. 2:19-cv-00258-CRE<br><br>Judge Cynthia R. Eddy<br><br>JURY TRIAL DEMANDED |

## **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

AND NOW, come Defendants, Officers Christopher Goetz ("Officer Goetz"), Scott Brown ("Officer Brown"), and Robert Berberich ("Officer Berberich") (collectively "Defendants") by and through their undersigned counsel, and respectfully submit this Motion for Summary Judgment. In support of their Motion, Defendants attach their: (i) Brief in Support of Motion for Summary Judgment; (ii) Concise Statement of Material Facts; (iii) Appendix containing referenced documents and evidence; and (iv) a Proposed Order.

1. Summary judgment is properly granted where the record as a whole could not "lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).

2. Plaintiff failed to produce any evidence to support a cause of action for the use of excessive force in violation of the Fourth Amendment. Defendants used reasonable force, if they used fore at all. *Graham v. Connor*, 490 U.S. 386, 395 (1989).

3. Plaintiff failed to establish a cause of action for assault and battery because he cannot point to any evidence that any Defendant intended to cause him harm or that their actions were unreasonable or unnecessary. *Renk v. City of Pittsburgh*, 537 Pa. 68, 76, 641 A.2d 289 (1994).

1

4. Plaintiff failed to produce any evidence of an alleged § 1983 failure to intervene 4th Amendment violation *Knight v. Walton*, 2014 WL 1316115, *8 (2014).

5. Plaintiff further failed to produce any evidence that Officer Berberich used any force.

6. Plaintiff Jackson plead guilty to the crime of Obstruction of Justice, 18 Pa. C.S. § 5101, which bars his and Plaintiff Cole's Fourth Amendment claims in this case. *Heck v. Humphrey*¸ 512 U.S. 477 (1994).

7. Plaintiff Jackson's First Amendment claims should be dismissed because he wasn't engaged in protected speech, there was probable cause for his arrest, and, alternatively, because he was arrested for obstruction for releasing a dog into an arrest.

8. The Defendant Officers are entitled to qualified immunity. *Plumhoff v. Richard*, 134 S.Ct. 2012, 2021 (2014) (citing *Scott v. Harris*, 550 U.S. 372, 386, 127 S.Ct. 1769, 1779 (2007); *Graham v. Connor*, 490 U.S. 386, 395 (1989).

9. Plaintiff's Jackson failed to adduce evidence of the use of excessive force by any officer. *Moore v. Vangelo*, 222 Fed. Appx. 167, 169 (3d Cir. 2007)(quoting *Graham v. Connor*, 490 U.S. 386, 397 (1989)).

10. Plaintiff Cole's Fourth Amendment claims fail because she has failed to show that she suffered any unreasonable seizure.

11. Plaintiff Jackson's state law claims fail as a matter of law because the officers are immune under the Pennsylvania Political Subdivision Tort Claims Act. 42 Pa. Cons. Stat. § 8541 *et seq*.

12. Plaintiff failed to produce any evidence to survive a motion for summary judgment on any of their claims against the moving Officer Defendants.

WHEREFORE, the Officer Defendants respectfully request this Honorable Court to grant the within Motion for Summary Judgment and enter judgment in favor of the Officer Defendants.

Respectfully submitted,
Yvonne Hilton
City Solicitor

/s/ Julie E. Koren
Julie Koren, Esq.
Assistant City Solicitor
414 Grant Street
Pittsburgh, PA 15219
(412) 255-2032
Julie.Koren@pittsburghpa.gov
P.A. ID No. 309642
*Counsel for Defendants*